**COMP**
SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax:(702) 643-6292
Chattahlaw@gmail.com
Attorney for Plaintiff
*Susan Vanness Et Al*

# THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN VANNESS, an individual, ALEXANDREA SLACK, an individual MARTIN WALDMAN, an individual, ROBERT BEADLES, an individual<br><br>    Plaintiffs,<br>vs.<br><br>FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State, JOSEPH M. LOMBARDO, in his official capacity as Governor of the State of Nevada, DOES I-X, inclusive: ROE CORPORATIONS 11-20, inclusive.<br><br>    Defendants. | Case No:<br><br>**COMPLAINT** |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY JUDGMENT, AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

COME NOW, individual Plaintiffs, ALEXANDREA SLACK, SUSAN VANNESS, MARTIN WALDMAN, and ROBERT BEADLES, who bring this action by and through the undersigned attorney of record SIGAL CHATTAH, ESQ. of CHATTAH LAW GROUP, and respectfully request this Court to issue a Temporary Restraining Order, Declaratory Judgment,

-1-

and Preliminary and Permanent Injunctive Relief and Damages.  In support thereof, Plaintiffs show unto the Court as follows:

**PRELIMINARY STATEMENT**

1. This is a lawsuit for declaratory judgment and injunctive relief challenging the legality of Senate Bill 406, known as, the Election Worker Protection Bill, amending Chapter 293, creating a new category for a criminal offense toward election workers promulgated by the Defendants.

2. SB 406 imposes impossible—and unpredictable—burdens on individuals that come into contact with "election officials" during elections at voting centers and ballot processing centers.

3.  The consequence of SB 406 is a sweeping and unwieldy regulation that leaves the identification of what an offense is so opaque, uncertain, and all-encompassing that Plaintiffs and others similarly situated cannot determine whether and when the most basic activities undertaken will subject them to drastic criminal penalties.

4. The failure to define what "election official" includes, leaves the identification of a protected class or victim to be covered by SB 406 so opaque and uncertain, that Plaintiffs and others similarly situation cannot determine who an election official is and who is protected under SB 406.

5. On or about May 30, 2023, after passing both chambers of the Nevada Legislature, Nevada's Secretary of State Francisco V. Aguilar and Nevada's Governor Joseph M. Lombardo signed SB 406 into law.

6. SB 406 is described as "AN ACT relating to elections; making it unlawful for a person to use or threaten or attempt to use any force, intimidation, coercion, violence, restraint or

undue influence with the intent to interfere with the performance of duties of an elections'

official or retaliate against an elections official for the performance of such duties;"

7. SB 406 subjects Plaintiffs to many different injuries, each of which is "concrete and particularized"," actual or imminent" fairly traceable to SB406 and likely to be redressed by a "favorable decision from this Court". *Lujan v Defs. Of Wildlife, 504 U.S. 555, 560-561 (1992).*

8. SB 406 Section 1 provides "[C]hapter 293 of NRS is hereby amended by adding thereto a new section to read as follows:

> 1. It is unlawful for any person to use or threaten or attempt to use any force, intimidation, coercion, violence, restraint or undue influence **with the intent** to:
> (a) **Interfere with the performance of the duties** of any **elections official** relating to an election; or
> (b) Retaliate against any **elections official** for performing duties relating to an election.
> 2. The provisions of subsection 1 apply **regardless of whether** a person uses or threatens or **attempts to use** such force, intimidation, coercion, violence, restraint or undue influence **at a polling place or a location** other than a polling place.

[*Emphasis added*]

9. It is significant to note that nowhere in Chapter 293 of the Nevada Revised Statute is the term "election official" defined making the assessment of a purported victim of a crime under SB 406 vague and overbroad.

10. It is also significant to note that because the term "election official" is not defined neither in the statutory scheme of Chapter 293, it can be concluded that the term "election official" can be defined as an election official, election officer, election judge, election clerk, poll worker, poll observer, or central ballot processing observer/worker.

11. The term "election official" can be used to qualify any individual responsible for the proper and orderly voting at polling stations and monitoring the conduct of the election workers including members of the Counting Board which include the following:

- Ballot Inspectors

- Ballot Runners
- Opex Operators
- Lead/Supervisors
- Duplicating Team/Duplication Board
- Administrators
- Rovers
- Folder Audit Verification Team
- Imprint Verification Team

12. It is also significant to note that NRS 293.274 entitled *Members of general public allowed to observe conduct of voting at polling place; photographing or otherwise recording conduct of voting by members of general public prohibited* provides as follows:

1. The county clerk shall allow members of the general public to observe the conduct of voting at a polling place.
2. A member of the general public shall not photograph the conduct of voting at a polling place or record the conduct of voting on audiotape or any other means of sound or video reproduction.
3. For the purposes of this section, a member of the general public does not include any person who:
   (a) Gathers information for communication to the public;
   (b) Is employed or engaged by or has contracted with a newspaper, periodical, press association, or radio or television station; and
   (c) Is acting solely within his or her professional capacity.

13. Interestingly, an election observer, or a volunteer poll-observer (under NRS 293.274) may potentially not only be a victim of SB 406 but also be subject to a prosecution under SB 406, for a Class E felony, if an election observer vocally objects to any conduct which may be *subjectively* viewed as intimidation or undue influence, by a purported victim under SB 406.

14.     Furthermore, SB 406 subjects Plaintiffs to criminal liability without defining what intimidation and/or undue influence with the intent to interfere is for said crime, obstructing the purpose of election observers which are statutorily authorized under NRS 293.274.

15.     In fact, SB 406 makes it a category E felony for an act regardless of an attempt to engage in such intimidation, undue influence etc. whether at a polling location, election office or any location any time.

16.     The costs of acting in a way that may be deemed intimidation or use undue influence "regardless of whether a person attempts to use" same at a polling place or other location is absolutely absurd.

17.     If a "Rover" confronts a ballot inspector over an inspector's perceived wrongful conduct, with the intent to have that wrongful conduct corrected, and the inspector feels intimidated, under SB 406 that subjects the Rover to criminal liability.

18.     Moreover, if a Ballot inspector confronts another ballot inspector outside the Central Ballot processing area/Election office/Warehouse, about perceived wrongful conduct, with an intent to correct it, that may subject a ballot inspector to criminal liability for intimidation or undue influence.

19.     The potential of innocent individuals, being subject for criminal liability for attempting to take corrective actions, under the vague and overbroad statutory scheme under SB 406 is inconceivable

20.     A first-time criminal offense for a person who violates the provisions of subsection 1 is guilty of a category E felony[1] and shall be punished as provided in NRS 193.130

---

[1] NRS 193.130(e) defines a category E felony as "a felony for which a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4

-5-

21. Plaintiffs and others similarly situated fear that even minimal expressions as poll observers protected by the First Amendment (and authorized under NRS 293.274) will result in an arbitrary violation of SB 406 and prosecution thereunder.

22. Accordingly, SB 406's potential to criminalize innocent conduct makes it vague in defining the conduct it criminalizes and therefore unconstitutional as delineated *infra*.

**SB 406-SPECIFIC INTENT CRIME**

23. The criminal liability the attaches to an individual that violates SB 406, lies in the following statement "It is unlawful for any person to use or threaten or attempt to use any force, intimidation, coercion, violence, restraint or undue influence ***with the intent to interfere*** with the performance of the duties of any elections official" [*Emphasis added*].

24. In a specific intent crime, a defendant must intend to bring about the social harm that is the target of the statute; here it would be to intentionally interfere with the performance of the duty of any "elections official".

25. Specific intent lies when a person consciously desires a result, whatever the likelihood of that result happening from his conduct; and (2) when he knows that that result is practically certain to follow from his conduct, whatever his desire may be as to that result"). *W. LaFave, Substantive Criminal Law § 5.2(a) (3d. ed. 2017)*

26. An" attempt" in SB 406, subsection 2 requires "an intent to do an act or to bring about a certain consequence which would in law amount to a crime." *LaFave, Substantive Criminal Law § 11.3.*

---

years. Except as otherwise provided in paragraph (b) of subsection 1 of NRS 176A.100, upon sentencing a person who is found guilty of a category E felony, the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate. Such conditions of probation may include, but are not limited to, requiring the person to serve a term of confinement of not more than 1 year in the county jail. In addition to any other penalty, the court may impose a fine of not more than $5,000, unless a greater penalty is authorized or required by statute".

27. In Order to charge someone with a criminal offense under SB 406, the Government would have to demonstrate that an individual, even a lawfully entitled poll observer (watcher) intended on interfering with the performance of an "elections official" (which may or may not be a fellow poll observer or poll worker; or any set of individuals executing their duties as an 'election official'".

28. Additionally, in subsection 2 of SB 406, an individual can be charged for violating subsection 1, not only at a polling or election place, but anywhere geographically where an "election official" is.

29. SB 406 is not divisible because it merely lists alternative means of committing the same crime, which is interference with an election official. However, based on the nature of SB 406 and the overbreadth and vague manner it is drafted, it is clear that in order to provide any culpability over a defendant, a "substantial step" analysis will be necessary for adjudication.

30. To constitute a substantial step, a potential Defendants conduct "must go beyond mere preparation and must be strongly corroborative of the firmness of a defendant's criminal intent." *United States v. Smith, 962 F.2d 923, 930 (9th Cir. 1992) (quotations omitted).* That is, "the defendant's conduct must (1) advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose." *United States v. Goetzke, 494 F.3d 1231, 1235–36 (9th Cir. 2007) (per curiam) (quoting Walters v. Maass, 45 F.3d 1355, 1358–59 (9th Cir. 1995)).*

31. On it's face, SB 406 is an absolute contradiction with the intent of NRS 293.274, allowing the public to observe election operations. Furthermore, SB 406, deliberately creates a classification of a crime, for lawful oversight on the subjective view of a purported victim of whether that victim felt intimidation or undue influence.

32. The sole purpose behind NRS 293.274 is to allow for public oversight and transparency over elections, and the ability for public poll observers (along with ballot processing location observers) to enable corrective measures be taken when there are deviations from lawful election processes.

33. SB 406 subverts the purpose of NRS 293.274 by criminalizing legal behavior focusing not on the intent to ensure "elections officials" take corrective measures when there is a deviation from the legal standards- but on whether the person corrected for said deviation, feels "intimidated" by ensuring they to do so.

34. This statutory provision not only imposes its own state of mind requirement, but also requires that the underlying predicate offense itself have a certain elevated state of mind.

35. The Supreme Court has held laws unconstitutional when they do not define offenses with enough specificity. *Lanzetta v. New Jersey, 306 U.S. 451 (1939); Edelman v. California, 344 U.S. 357 (1953).*

36. A statute may be so vague or threatening to constitutionally protected activity that it can be pronounced wholly unconstitutional; i.e., unconstitutional on its face. *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972).

37. SB 406 not only criminalizes the legally authorized conduct enabled in NRS 293.274, it also makes it a Category E felony to engage in the very purpose NRS 293.274 exists.

38. Plaintiffs seek a declaration from this Court affirming that SB 406 subsection 1 and 2 are unconstitutional under the 1st Amendment and Due Process clause of the 5th and 14th Amendment.

39. To prevent, wrongful prosecution under SB 406, Plaintiffs seek to have their and others rights protected from alleged criminal conduct and request a permanent injunction against future enforcement of the SB406 in its entirety.

## **NATURE OF ACTION AND JURSIDICTION**

40. This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

41. Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3).

42. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

43. Venue is proper in the District of Nevada under 28 U.S.C. § 1391(e).

44. Plaintiffs reside both in Washoe and Clark Counties.

## **THE PARTIES**

PLAINTIFFS

45. Plaintiff ALEXANDREA SLACK, is a citizen of the United States and was, at all times relevant herein, a resident of Clark County.

46. Plaintiff SUSAN VANNESS[2] is a citizen of the United States and was, at all times relevant herein, a resident of Washoe County.

---

[2] In addition to being a lawful public observer of the ballot counting rooms, Plaintiff Susan Vanness was also employed by the Washoe County Registrar of Voters in 2022 as a "ballot runner".

47. Plaintiff MARTIN WALDMAN is a citizen of the United States and was, at all times relevant to the complaint, a resident of Clark County.

48. Plaintiff ROBERT BEADLES is a citizen of the United States and was, at all times relevant herein, a resident of Washoe County[3].

49. All Plaintiffs herein were previously poll observers, ballot runners, or ballot counting rooms observers and are lawful election observers in their respective counties and have standing as lawful public election observers classified under NRS 293.274.

50. SB 406 subjects the Plaintiffs to many different injuries, each of which are concrete and particularized actual or imminent, fairly traceable to the challenged action of the defendant, and the injury Plaintiff complains of will be redressed by a favorable decision.

DEFENDANTS

51. Defendant FRANCISCO V. AGUILAR, named in his official capacity, is at all times relevant to this complaint, the Secretary of State of Nevada, and the chief elections officer of the State.

52. Defendant JOSEPH M. LOMBARDO, named in his official capacity, is at all times relevant to this complaint, the Governor of the State of Nevada.

53. At all times pertinent herein, Defendants were agents, servants, employees, or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants. Whenever and wherever reference is made in this Complaint to any acts by Defendants, such allegations and

---

[3] In addition to being a lawful public observer of the ballot counting rooms, Plaintiff Robert Beadles was also hired by the Washoe County Registrar of Voters in 2022 as an election intake specialist.

references shall also be deemed to mean the acts of each Defendant acting individually, jointly or severally.

54. All of the actions taken by Defendants and/or those acting on behalf of Defendants and referred to herein, were done by Defendants while acting under color or state of law and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States.

55. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to. As such, Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of said Defendant as they become identified.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FIRST AMENDMENT – FREE SPEECH CLAUSE- OVERBREADTH
(*Against All Defendants*)

56. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57. The Free Speech Clause of the First Amendment provides that the government "shall make no law . . . abridging the freedom of speech.". *U.S. CONST. amend. I.* A regulation of speech is unconstitutionally overbroad if it regulates a substantial amount of constitutionally protected expression.

58. Defendants may restrict speech "in a few limited areas," including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct. *United States v. Stevens, 559 U.S. 460 (2010).* Furthermore, the First Amendment protects against the government; it does not leave us at the mercy of *noblesse oblige.*

59. The Constitution gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere. *Ashcroft v. Free Speech Coal., 535 U.S. 234, 244 (2002).*

60. Facial overbreadth challenges are permitted because an overly broad statute may chill the speech of individuals, including individuals not named herein. *Massachusetts v. Oakes, 491 U.S. 576, 581 (1989).*

61. SB 406 violates the First Amendment's prohibition against government abridgment of speech because it overbroadly criminalizes speech that civil remedies can sufficiently address.

62. Plaintiffs allege herein that there are no set of circumstances under which SB 406, would be valid.

63. Plaintiffs further allege that SB 406 lacks any plainly legitimate sweep and a substantial number of SB 406's applications are unconstitutional, judged in relation to SB 406's attempted legitimate sweep.

64. Plaintiffs further allege that the overbroad nature of SB 406 infringes on a substantial amount of constitutionally protected speech since there is a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of Plaintiffs and similarly situated individuals not before the Court.

65. Plaintiffs further allege that the statute is "susceptible of regular application to protected expression, and criminal liability automatically attaches to that protected expression as many commonplace statements and actions could be construed as intimidating in a highly subjective context.

66. Plaintiffs further allege that SB 406 deliberately criminalizes a behavior that NRS 293.274 authorizes and encourages.

67. Accordingly, Plaintiffs seek to invalidate the statute, in its entirety as Defendants enactment of same violates the First Amendment of the US Constitution.

68. All of the actions taken by Defendants and/or those acting on behalf of Defendants and referred to herein, were done by Defendants while acting under color or state of law and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States.

69. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing these SB 406

70. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the SB 406.

71. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

///

///

///

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS RIGHTS-VAGUENESS
*(Against All Defendants)*

72. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

73. Plaintiffs are entitled to constitutional protection for certain rights or "liberty interests" related to speech under the Due Process clause of the Fourteenth Amendment.

74. Plaintiffs' right to due process includes protection against the ills of laws whose 'prohibitions are not clearly defined.' " *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 62 (1st Cir. 2011) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) ).

75. Plaintiffs are entitled to a 'fair warning' of what a law prohibits to prevent 'arbitrary and discriminatory enforcement' of laws by requiring that Defendants provide explicit standards for those who apply them.

76. Plaintiffs are entitled to engage in conduct without criminal prosecution of basic First Amendment freedoms under a statute that should avoid chilling the exercise of First Amendment rights.

77. Plaintiffs therefore brings this facial challenge to SB 406 as to be codified in Chapter 293 as it violates their due process rights in the United States Constitution.

78. Accordingly, Plaintiffs seek to invalidate SB 406 in its entirety as Defendants enactment of same violates the First, Fifth and Fourteenth Amendments of the United States Constitution.

79. All of the actions taken by Defendants and/or those acting on behalf of Defendants and referred to herein, were done by Defendants while acting under color or state of law and had the effect of depriving Plaintiffs of rights secured by the Constitution and laws of the United States.

80. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing these SB 406

81. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the SB 406.

82. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE NEVADA CONSTITUTION**
**ARTICLE I DECLARATION OF RIGHTS**
(*Against All Defendants*)

83. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

84. Since 1864, the Nevada Constitution has provided intrinsic and unalienable rights and liberties to its citizens.

85. Chief among those rights and liberties are those found in Article 1 of the Nevada Constitution.

86. Article 1, §1 of the Nevada Constitution provides, in pertinent part: "[A]ll men are by Nature free and equal and have certain inalienable rights among which are those of

enjoying and defending life and liberty; Acquiring, Possessing and Protecting property and pursuing and obtaining safety and happiness[.]

87. Similarly, Article I, §8 provides No person shall be deprived of life, liberty, or property, without due process of law.

88. Defendants' arbitrary inclusion of the terms "intimidation" and "undue influence" interferes with Plaintiffs' rights and liberties as set forth under Article 1, §1 of the Nevada Constitution.

89. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing those vague and overbroad subsections in SB 406 codified in NRS Chapter 293.

90. Plaintiffs have found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are entitled to an award of attorney's fees thereon.

**REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully demands that this Court grant the following relief.

1. An immediate hearing on Plaintiffs' Motion for Temporary Restraining Order, and, upon hearing, enter an Order restraining Defendants from enforcing SB 406 as codified in NRS Chapter 293.

2. Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants from enforcement of SB 406, codified in NRS Chapter 293.

3. Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants from enforcing criminal penalties included in SB 406 codified in NRS Chapter 293.

4. For an award of reasonable attorney's fees and his costs on their behalf

expended as to such Defendants pursuant to 42 U.S.C. Section 1988.

     5.    Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demands a trial by jury on all counts so triable.

Dated this  29th  day of June, 2023

                              CHATTAH LAW GROUP

                              */s/ Sigal  Chattah*
                              SIGAL CHATTAH, ESQ.
                              Nevada Bar No.: 8264
                              CHATTAH LAW GROUP
                              5875 S. Rainbow Blvd. #204
                              Las Vegas, Nevada 89118
                              Tel.:(702) 360-6200
                              Attorney for Plaintiffs
                              *Susan Vanness Et Al*