SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd., Ste. 204
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUSAN VANNESS, an individual, ALEXANDREA SLACK, an individual MARTIN WALDMAN, an individual, ROBERT BEADLES, an individual<br><br>Plaintiffs<br><br>Vs.<br><br>FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State, JOSEPH M. LOMBARDO, in his official capacity as Governor of the State of Nevada, DOES I-X, inclusive: ROE CORPORATIONS 11-20, inclusive.<br><br>Defendants. | CASE NO.:  2:23-cv-01009-JCM-VCF<br><br>**STIPULATION TO STAY DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

   Plaintiffs SUSAN VANNESS ET AL ("Plaintiff"), and Defendants FRANCISCO V. AGUILAR ET AL ("Defendants"), by and through their respective attorneys of record, hereby stipulate and agree, pursuant to Civil Local Rules IA 6-1, IA 6-2 and 7-1, as follows:

   1.   The Parties stipulate that discovery in this matter be stayed until the Court issues a ruling on Defendants' Motion to Dismiss (ECF No. 15).

   2.   The Parties agree it is in the best interest of all Parties to await the Court's ruling on Defendants' Motion to Dismiss (ECF No. 15) prior to setting discovery deadlines and

incurring the time and expense of written discovery and depositions, in the event the Court dismisses the claims against Defendants in whole or in part.

3. As the Ninth Circuit has confirmed, "(t)he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Likewise, a district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); see also FRCP 26(d)(1) (describing the court's ability to limit the scope of discovery). Ultimately, when deciding whether to grant a stay of discovery, a court is guided by the objectives of Federal Rule of Civil Procedure 1 that ensures a "just, speedy, and inexpensive determination of every action." *Schrader v. Wynn Las Vegas*, LLC, 2021 WL 4810324, *3 (D. Nev. Oct. 14, 2021) (quoting FRCP 1); see also *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (explaining that courts evaluating the propriety of a stay have cautioned against the use of resources that may be rendered unnecessary, noting the simple, but accurate principle: "Discovery is expensive").

4. The Parties are in agreement that discovery is not required for the Court to decide Defendants' Motion to Dismiss. As the Court's ruling could potentially result in dismissal of some or all of the claims against District, it would be an inefficient use of resources to engage in discovery prior to the Court's ruling. *See Sibley v. U.S. Sup. Ct.,* 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("(I)t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). As such, it is within the Court's power to grant a stay of discovery at this time.

5. Accordingly, the Parties, after consultation with one another, have determined it would be in the best interest of all Parties to request that this Court grant a stay of discovery until

the Court renders a decision on Defendants' pending Motion to Dismiss. None of the Parties believe this delay will cause harm to their ability to conduct discovery in this matter, nor will it cause either side to be in a worse position.

6.   The Parties believe that, by not expending more funds or time until the Motion to Dismiss is resolved, the Parties have put themselves in the best position possible to preserve resources and protect their respective funds. *See* FRCP 1 and LR 1-1. The interests of litigation efficiency and judicial economy are also promoted by a stay of discovery.

7.   The Parties further stipulate to delay submission of the stipulated discovery plan and discovery order for thirty (30) days after this Court files its decision on Defendants' pending Motion to Dismiss (ECF No. 15).

Respectfully submitted:

**CHATTAH LAW GROUP**

*/s/ Sigal Chattah*
SIGAL CHATTAH, ESQ.
CHATTAH LAW GROUP
5875 S. Rainbow Blvd. #203
Las Vegas, Nevada 89118
Tel.:(702) 360-6200
*Attorney for Plaintiffs*

AARON D. FORD
Attorney General

By: */s/Kiel B. Ireland*
JESSICA E. WHELAN (Bar No. 14781)
 Senior Deputy Attorney General
KIEL B. IRELAND (Bar No. 15368)
 Deputy Solicitor General
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717

        T: (775) 684-1100
        E: kireland@ag.nv.gov

        *Attorneys for Governor Lombardo*

        AARON D. FORD
        Attorney General

        By: */s/Laena St.-Jules*
           LAENA ST-JULES (Bar No. 15156)
           Deputy Attorney General
           Office of the Attorney General
           100 North Carson Street
           Carson City, Nevada 89701-4717
           T: (775) 684-1100
           E: lstjules@ag.nv.gov

        *Attorneys for Secretary Aguilar*

**IT IS SO ORDERED:**

Dated this ___ day of September, 2023.


_____
UNITED STATES MAGISTRATE JUDGE