# EXHIBIT 1

## Motion for Sanctions

F I L E D
Electronically
CV23-01341
2023-09-11 03:01:59 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9879797

2815
LINDSAY L. LIDDELL
Deputy District Attorney
Nevada State Bar Number 14079
ELIZABETH HICKMAN
Deputy District Attorney
Nevada State Bar Number 11598
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
ehickman@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR DEFENDANTS

## IN THE SECOND JUDICIAL DISTRICT COURT

## OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE

* * *

ROBERT BEADLES, an individual,

       Plaintiff,

   vs.

JAMIE RODRIGUEZ, in her official
capacity as Registrar of Voters and in her
personal capacity; the WASHOE COUNTY
REGISTRAR OF VOTERS, a government
agency; ERIC BROWN in his official
capacity as WASHOE COUNTY
MANAGER and in his personal capacity,
ALEXIS HILL in her official capacity as
CHAIRWOMAN OF WASHOE
COUNTY BOARD OF
COMMISSIONERS and in her personal
capacity; WASHOE COUNTY, a political
subdivision of the State of Nevada, and
DOES I-X; and ROE CORPORATIONS I-
X.

       Defendants.

Case No.  CV23-01341

Dept No.  D1

## MOTION FOR SANCTIONS

//

-1-

Defendants, by and through their counsel, Deputy District Attorney Lindsay Liddell, hereby move for sanctions pursuant to NRCP 11 in the form of dismissal of the Complaint, a monetary sanction paid to the Court, and attorneys' fees and costs. This Motion is based on the following Memorandum of Points and authorities, NRCP 11, the exhibits attached hereto, and all pleadings on file in this Court including the Motion to Dismiss filed August 15, 2023.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND.

Plaintiff Robert Beadles ("Beadles") frivolously filed the Complaint with claims not warranted by existing law, not supported by facts, and to harass Defendants Washoe County Commissioner Alexis Hill ("Commissioner Hill"), Washoe County Manager Eric Brown ("Manager Brown"), and Washoe County Registrar of Voters Jamie Rodriguez ("Ms. Rodriguez").

Beadles seeks apocryphal relief, attempting to use this Court to harass Defendants and insurrect Washoe County's elections procedures. The Complaint includes two causes of action: (1) alleged violation of his rights because Defendants did not respond to his elections "petitions," and (2) an attempt to remove Commission Hill, Manager Brown, and Ms. Rodriguez from their positions. Defendants filed a Motion to Dismiss because both actions lack merit. Defendants hereby incorporate the Motion to Dismiss as though set forth fully herein.

Beadles seeks to improperly use this Court to harass, rather than to adjudicate legitimate legal claims. He singles out Commissioner Hill, who he vehemently disagrees with, and brings meritless claims attempting to remove her from office. Assuming arguendo there was merit, all County Commissioners would be subject to removal for the same allegations. Yet, Beadles only attacks Commissioner Hill with this action.

//

He seeks unavailable relief, including asking this Court to invalidate provisions of the NRS, requiring Defendants use paper ballots, "[e]njoin the Defendants and make the digitized vote tally database (Microsoft SQL) open for public inspection," require Defendants disclose applicant name and credentials, prohibit Defendants from using QR codes, "halt" Defendants' expenditure of "unapproved and unsafe equipment and software." *Compl.* at p. 14–17.

The Complaint contains conclusory false statements, including the repeated assertion that Defendants had a duty to respond to his "Petitions;" that Defendants oversaw the 2020 election, despite Commissioner Hill and Ms. Rodriguez not assuming their current roles until 2021 and 2022, respectively; that Defendants "willfully committed acts of malpractice, maladministration, and/or nonfeasance, and perjury…;" that the Washoe County Registrar of Voters is unprepared to run the 2024 presidential election; that the County's elections are "tainted" with inaccurate voter rolls; that there are "illegal functions" within the electronic system that alter intended votes; that votes are counted without adequate verification and with disregard to signature verification; that the elections generally violated federal and state law; and that "his vote did not count as he cast it and thus has been robbed of his right to suffrage." *See Compl.*

Beadles's claims are not based in law. He names Defendants Ms. Rodriguez, Commissioner Hill, and Manager Brown in both their official and personal capacities. There is no legal basis to pursue constitutional claims in those Defendants' official capacities. He names the Registrar of Voters, an unsuable county department. He improperly attempts to seek election-related injunctive relief under a statute that allows only for a public official's removal. Beadles's claims are disordered and baseless.

//

//

//

-3-

Additionally, Beadles engaged in sanctionable forum and judge shopping. He filed the instant Complaint duplicating claims he filed two weeks prior because of his preference to litigate in state court. He then filed multiple motions to "request" a specific judge, filed peremptory challenges in both cases, and still unsatisfied now seeks a change of venue and motioned this Court for a recusal. Forum and judge shopping are improper purposes, in violation of Rule 11.

Moreover, Beadles seems to acknowledge his Rule 11 violations, alleging:

> Plaintiff comes before the court *pro se* because many BAR-certified attorneys are being targeted, dis-barred, sanctioned, etc. for simply bringing an elections-related lawsuit forward. Plaintiff hereby represents himself *pro se* to save his lawyers from attacks on their livelihoods.

*Compl.* at ¶12.

As set forth below, the Court should sanction Beadles, including a monetary sanction paid to the court, an award of Defendants' attorneys' fees and costs, and dismissal of this action. Pursuant to NRCP 11(c)(2), a copy of this Motion was provided to Beadles on August 16, 2023, at least twenty-one days before filing the instant Motion. *See* Ex. 1, *Declaration of Suzi Haldeman*; Ex. 2, *Rule 11 Letter*. Beadles was also put on notice of his Rule 11 violations in a similar Rule 11 letter and proposed motion for sanctions, which he disregarded. Beadles was afforded a reasonable opportunity to take remedial action and failed to do so. *See id.* It is readily apparent that Beadles lacks a reasonable basis in fact or law to pursue his claims and requested relief. Sanctions are appropriate.

## II.   BEADLES VIOLATED RULE 11 AND SANCTIONS ARE WARRANTED.

When a party files a complaint, they certify that to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances:

> (1)   it is **not being presented** for any improper purpose, such as **to harass**, cause unnecessary delay, or needlessly increase the cost of litigation;

//

-4-

(2)   the claims, defenses, and other legal contentions are **warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or lack of information.

NRCP 11(b)(emph. added).

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the district court is well grounded in fact, legally tenable, and not interposed for any improper purpose." *Walker v. City of N. Las Vegas*, 394 F. Supp. 3d 1251, 1260 (D. Nev. 2019), *appeal dismissed*, 19-16305, 2020 WL 3620207 (9th Cir. Jan. 21, 2020) (quotations omitted).[1] Rule 11 should be vigorously applied to "curb widely acknowledged abuse from the filing of frivolous pleadings." *In Re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991)(quotations omitted).

Rule 11 sanctions should be imposed for the filing of frivolous actions. *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993), *superseded by statute on other grounds as recognized in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). A frivolous action is one that is "both baseless and made without a reasonable and competent inquiry." *Id.*, *citing Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The determination of frivolity is two-pronged: (1) the court must determine whether the pleading is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," and (2) whether

---

[1] "Federal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts." *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (internal quotations omitted).

1    the party made a reasonable and competent inquiry. *Id.*

2        **A.    BEADLES FILED THE COMPLAINT TO HARASS DEFENDANTS.**

3        "The trial court must examine the actual circumstances surrounding the case to

4    determine whether the suspect claims were brought without reasonable ground." *Bergmann*,

5    109 Nev. at 676, 856 P.2d at 564.

6        Beadles filed the instant Complaint to vex and harass Defendants in pursuit of his

7    personal animus against Commissioner Hill, Manager Brown, and Ms. Rodriguez. Beadles

8    runs a blog where he regularly opines on government operations and expresses his disdain

9    for Commissioner Hill, Manager Brown, and Ms. Rodriguez. *See* Ex. 3, *Beadles's Post*

10   *entitled "I Just Sued Them All For You!*," Ex. 4, *Beadles's Post entitled "We SUED for YOU!*," Ex.

11   5, *Beadles's Post entitled "Comrade Hill-Insky,"* Ex. 6, *Beadles's Post entitled "Over the Hill."*

12   Beadles regularly expresses his hostility regarding Defendants—describing Commissioner

13   Hill as a communist and referring to her as "Comrad Hill-insky," referring to Manager

14   Brown as "Eric Brownstain," and referring to Ms. Rodriguez as "the utterly incompetent,

15   who's not competent enough to clean toilets let alone our voter rolls." Ex. 4; Ex. 5.

16       In a blog post describing his first, nearly identical Complaint, Beadles declared he

17   was "putting it all on the line to sue the County Manager, ROV and Commissioner Chair –

18   in both their personal and official capacities and the whole damn county itself." Ex. 3.

19   Beadles's tone shows he needlessly extended his claims to include various capacities and

20   "the whole damn county." *See id.* He states, "I'm calling them out on every front." *Id.*

21   While Beadles has a right to express himself on his blog, his disdain for Defendants

22   displayed therein is relevant to the circumstances giving rise to this litigation, specifically

23   his intention to further harass Commissioner Hill, Manager Brown, and Ms. Rodriguez

24   through the misuse of this Court.

25   //

26   //

Beadles's choice to name Commissioner Hill as a defendant rather than all commissioners suggests Beadles seeks to harass Commissioner Hill with this action. Beadles is well aware that Commissioner Hill cannot bind Washoe County in action on her own—a majority vote of the Board of County Commissioners is required. Moreover, assuming arguendo Commissioner Hill owed any duty to Beadles as he alleges, all County Commissioners would owe him that duty and would have fallen short according to his unviable legal theory.

Beadles inappropriately singles out Commissioner Hill in an attempt to use this case to further his scheme of harassing her. Upon information and belief, Beadles does not reside in Commissioner Hill's district. Yet, he seeks to intervene and remove her from representing her constituents. Beadles makes no attempts to conceal his personal disdain for Commissioner Hill. *See* Ex. 5; Ex. 6. On August 14, 2023, he referred to Commissioner Hill as having "totalitarian Kermit The Frog-type energy." Ex. 6. He also expressed his strong distaste for the way she runs County Commission meetings as chair. *Id.*

Beadles further demonstrates the vexatious nature of this case by waiting nearly eight months to seek redress for petitions Beadles's alleges he filed in fall 2022.  A genuine legal claim arising from those petitions, would have been brought shortly after they were allegedly "ignored." Further showing Beadles's sanctionable conduct in filing the Complaint, he acknowledges attorneys have been sanctioned for filing similar elections-related claims. *Compl.* at ¶12.

In addition, as set forth below, Beadles's improper purpose can be deduced where there is no legal or factual basis for a claim. *Paciulan v. George*, 38 F.Supp.2d 1128 (N.D. Cal. 1999). His pursuit of unviable claims and false allegation shows this case is not about redressing legitimate legal disputes. It is instead another avenue to harass, vex, and consume Defendants' resources.

*//*

1    Beadles violated Rule 11 by filing the Complaint for an improper purpose, and

2    sanctions are warranted on that basis alone. *See e.g., Knipe v. Skinner*, 10 F.3d 72, 77 (2d Cir.

3    1994)(affirming Rule 11 sanctions, where, as the district court found, filing of the action

4    was "[a]nother creative avenue to beat a dead horse" and the "pursuit[t of] a personal

5    agenda against [a government entity]" without a good faith basis). Based on Beadles's well

6    documented personal animus and the profound lack of merit to his causes of action, an

7    improper purpose can be inferred.

8    **B.    BEADLES FILED THE INSTANT COMPLAINT FOR THE IMPROPER PURPOSE**

9    **OF FORUM SHOPPING.**

10    "Forum shopping is '[t]he practice of choosing the most favorable jurisdiction or

11    court in which a claim might be heard.'" *Uber Tech., Inc. v. Second Jud. Dist. Court of State ex*

12    *rel. County of Washoe*, 130 Nev. 1256, 2014 WL 6680785 at *2 (Nov. 24, 2014(unpublished

13    disposition), quoting BLACK'S LAW DICTIONARY 681 (8th ed. 2004).  "Forum shopping" is

14    disfavored in Nevada State Courts. *See, e.g., Adams v. Adams*, 107 Nev. 790, 795, 820 P.2d

15    752 (1991); *Lyon County v. Washoe Med. Cntr., Inc.*, 104 Nev. 765, 768, 766 P.2d 902, 904

16    (1988). The practice of "forum shopping" is "inimical to sound judicial administration."

17    *Pub. Serv. Comm'n of Nev. v. SW. Gas Corp.*, 103 Nev. 307, 308, 738 P.2d 891, 891 (1987).

18    Forum shopping is sanctionable under Rule 11. *C. v. Rady Children's Hosp.*, 17-cv-

19    0846-AJB-JLB, 2017 WL 6327138, at *5 (S.D. Cal. Dec. 8, 2017); *Fransen v. Terps, LLC*, 153

20    F.R.D. 655, 660 (D. Colo. 1994)(imposing Rule 11 sanctions for a "blatant example of

21    forum shopping"). In *C. v. Rady Children's Hosp.*, plaintiff engaged in similar conduct as

22    Beadles in the reverse order—plaintiff filed a state court action, then dismissed that action

23    and refiled a complaint in federal court omitting state law claims. 2017 WL 6327138, at *5.

24    The plaintiff expressly stated they did this to pursue claims in their preferred venue. *Id.* The

25    court found that "plaintiffs' filing in federal court due to a general dissatisfaction with state

26    *//*

court was improper forum shopping, and also grounds for Rule 11 sanctions." *Id.* The court awarded the opposing party their attorneys' fees as sanction. *Id.* at *6.

Beadles filed the instant case for the purpose of forum shopping, which is an improper purpose in violation of Rule 11. He filed the instant Complaint duplicating claims in a case that he filed two weeks prior, only deleting the Federal claims. *See Beadles v. Rodriguez*, et al, CV23-01283 (Second Judicial District Court).[2] Defendants removed the initial action to federal court because it contained claims arising under federal law. Defendants served Beadles with a Rule 11 letter and proposed motion for sanctions, and then Beadles[3] withdrew the complaint in federal court. In this Court Beadles engaged in improper procedure, re-filing his complaint with the federal claims deleted.

Beadles makes no attempt to conceal his Rule 11 violation based on forum shopping. *See* Ex. 7, *Beadles's Post entitled "Lawsuit(S) UPDATE!."* In a recent blog post, Beadles states "…I filed a new lawsuit and only incorporated 2 State causes of action, with no Federal causes of action. This way, I would stay in State Court as that's where I want to be right now, and that's where remedies need to take place." Ex. 7 at p. 3.

Additionally, in both the instant action and the first case, he goes so far as to specifically request the judge he prefers to hear this action, inappropriately asserting that he is entitled make such a request and opine on the qualifications of his desired judicial officer. *See Mot. to Request Judge Simons*; *2nd Mot. to Request Judge Simons.* In each case, he also filed peremptory challenges in an attempt to obtain his desired judge. Dissatisfied, he then moved to recuse the presiding judge, making baseless and outrageous claims regarding

---

[2] "A judge or court shall take judicial notice if requested by a party and supplied with the necessary information." NRS 47.150(2). Defendants hereby request the Court take judicial notice of all filings in the First Action, Second Judicial District Court case number CV23-01283, removed to the United States District Court District of Nevada, case number 3:23-cv-00382-ART-CSD.

[3] The federal court's docket identifies attorney Sigal Chattah as the filer, but the filing itself identifies Beadles acting pro se. *See Docket for United States District Court District of Nevada*, case no. 3:23-cv-00382-ART-CSD.

the Court's collusion with the defense and taking issue with the Court's adherence to the rule against ex parte communication. *See Mot. for Recusal of Judge*. He also moved to change venue to Lyon County, again making baseless claims of bias. *Mot. to Change Venue.* The filing of the instant complaint and various motions to request a specific judge, to change venue, and to recuse the presently presiding judge are improper forum and judge shopping.

This overt Rule 11 violation warrants sanctions, including a monetary award to this court.

### C.   THE COMPLAINT CONTAINS FALSE STATEMENTS.

Though unrelated to his claims, Beadles includes allegations that Defendants oversaw elections in 2020. *Compl.* at ¶¶29, 38. As an initial matter, Beadles is well aware that Commissioner Hill was not a County Commissioner until 2021. Beadles is also aware that Ms. Rodriguez did not take on the Registrar for Voters role until 2022. Beadles's reckless disregard for facts is evident with these allegations.

Moreover, Beadles falsely alleges that Commissioner Hill and Manager Brown "handle voter registrations and conduct elections on behalf of the people of Washoe County." *Compl.* at ¶14. Beadles acknowledges that Ms. Rodriguez is the appointed Registrar of Voters. *See Compl.* at ¶14, ¶15. He acknowledges that the Registrar of Voters has all the powers and duties that would otherwise be assigned to a county clerk regarding elections. *See Compl.* at ¶14(citing NRS 244.164); WCC 5.451(4). Based on that knowledge, Beadles should know that County Manager and the Chairperson for the Board of Commissioners are not directly involved in conducting elections. Manager Brown and Commissioner Hill have no such duties nor power, yet Beadles maintains each handles and oversees elections. *Compl.* at ¶¶14, 29, 38.

Beadles also makes various false statements regarding Washoe County elections, including: "unclean and grossly inaccurate voting rolls," "unapproved and unsecure voting systems," "rush toward pioneering new technology that could impact county, state, and

national security," "failure to train staff and election officials," "unequal treatment of signatures at the polls," "counting of votes in secret," "illegal function within the election system," and "gross violations of the Nevada Revised Statutes and Administrative Codes regarding election procedures and the list goes on." *Compl.* at ¶33.

Some of the aforementioned statements are so vague that a pointed response is difficult, but the statements are nonetheless inaccurate rantings of a conspiracy theorist disconnected from any legitimate claim. The more specific statements—e.g. unequal treatment of signatures, failure to train staff, unsecure voting systems, inaccurate voting rolls—are false. Ex. 8, *Declaration of Jamie Rodriguez*. Beadles knows or should know, based on the information Washoe County has thus far directly or indirectly provided to him he should know his allegations lack evidentiary support.

For example, last year Beadles litigated his allegation of counting votes in secret. *See Robert Beadles et al. v. Barbara Cegavske et al., Second Judicial District Court of the State of Nevada case no. CV22-00661*. In that case, Beadles alleged the previous Washoe County Registrar of Voters denied "meaningful observation" of ballot processing, and requested injunctive relief including personal viewing within two feet of voting machines, visual inspection of each ballot, observer presence at drop boxes, ability to halt ballot processing, etc. *See Compl. for Dec. and Inj. Relief, filed in case no. CV22-00661*. Denying injunctive relief, the Court opined:

> Plaintiffs ask the Court to interpret the word 'observation' to encompass a host of duties and rights that are not included in the relevant statutes, but they do not cite any case or constitutional principle that would entitle them to the detailed forms of relief that they seek. The relief would also slow and complicate the voting process and inject the judiciary into that process, without any showing that such relief is necessary to protect any legal right that Plaintiffs have.

*Order Denying Motion for Temporary Restraining Order, filed in case no. CV22-00661*.

//

//

Though the Court in *Robert Beadles et al. v. Barbara Cegavske et al.* found no issue with Washoe County's public observation of elections procedures, Beadles now asserts secret vote counting and violations of Nevada law.

Beadles likewise proffers false statements regarding election integrity. *Compl.* at ¶¶33, 35, 40, 47–53, 81, 91. Beadles's allegations and fugitively filed[4] "evidence" seek to relitigate "evidence" proffered in gubernatorial candidate Joey Gilbert's 2022 primary election contest. *See* Ex. 9, *Statement of Contest of the June 14, 2022, Primary Election Pursuant to NRS § 293.407, filed in the First Jud. Dist. Ct. of the State of Nevada in and for Carson City, case no. 22 OC 000851B* ("2022 Gilbert Election Contest").[5]    Beadles paid for 2022 Gilbert Election Contest, which relied on debunked mathematics to assert that ballot data was illegally altered. *See id.*; Ex. 10, *Order Granting Defendant Joseph Lombardo's Motion for Summary Judgment filed in the 2022 Gilbert Election Contest.*  The source of the debunked mathematics is Edward Soloman, a self-proclaimed "expert" without formal qualifications who could not qualify as an expert in a court of law. *See* Ex. 10. The Court granted Governor Lombardo summary judgment, finding that "the Soloman Report also does not constitute the type of evidence 'reasonably relied on by experts' under NRS 50.285(2)." *Id.* at ¶5.

Gilbert was sanctioned and ordered to pay Governor Lombardo's attorneys' fees. *Order Granting Defendant Joseph Lombardo's Motion for Sanctions, filed in the 2022 Gilbert Elections Contest* ("Mr. Gilbert did not–and could not–present any admissible evidence to support the case-depending thesis that the restored election results show he received the most votes in the 2022 Primary"). The Court found that the 2022 Gilbert Elections Contest, which was based on a Soloman Report, was frivolous. *Id.*; Ex. 9. The Court found

---

[4] On August 9, 2023, Beadles filed a document titled "Supplemental Exhibits in Support of Plaintiff's Complaint," and, upon information and belief, delivered several boxes of records to the Court. Supplemental pleadings are not permitted without leave of Court. NRCP 15(d). The Court may strike "any redundant, immaterial, impertinent, or scandalous matter." NRCP 12(f).

[5] Defendants request this Court take judicial notice of Exhibits 9–11.

the claim regarding "math" was "highly dubious," and his contentions did not "rise to the level of a well-grounded claim under Nevada law." Ex. 11 at ¶5.

In the present case, Beadles seeks to relitigate the debunked mathematics, despite the Beadles-funded 2022 Gilbert Election Contest resulting in hefty sanctions. Beadles falsely asserts Defendants conduct unfair and inaccurate elections and that his vote did not count as he cast it. *Compl.* at ¶52, ¶81. Like in the Gilbert contest, Beadles is seeking to present various reports and communications from Edward Soloman. *Comp. Supplemental Exhibits in Support of Plaintiff's Complaint* at Exs. 65, 67, 70, 104, 105, *with* Ex. 9.  Beadles should know that Soloman's reports lack merit, yet he continues to rely on them to make dubious claims that elections in Washoe County are "unfair and inaccurate." This is sanctionable.

Beadles also falsely states that "defendants have a duty and obligation to respond to Petition of elections…" *Compl.* at ¶43. The law imposes no such duty to "respond," and no such duty on Defendants specifically. *See* NRS 293.2546(11), NAC 293.025(requiring elections complaints be submitted to the Secretary of State).

Beadles's allegations are unencumbered by the duty to proffer only that which can be supported by admissible evidence. Just like in *Robert Beadles et al. v. Barbara Cegavske et al., case no. CV22-00661* Beadles seeks to inject the judiciary into the elections process. Moreover, like in the 2022 Gilbert Elections Contest, sanctions are warranted for this frivolous elections-related case. It is entirely inappropriate to place these false allegations in a pleading, and doing so is sanctionable under Rule 11.

**D.   THE COMPLAINT CONTAINS CLAIMS NOT BASED IN LAW.**

**i.   Beadles Seeks Unattainable Relief.**

Beadles's improper purpose is displayed in his requested relief, wherein he seeks relief that could not be granted even if his claims were viable. The Complaint contains various allegations regarding voter rolls and general elections procedures. Beadles then pursues claims based on failure to respond to his elections petitions and a claim to remove

1  Defendants from their positions. There is a vast disparity between the factual assertions

2  made, the harm claimed, and the ultimate relief requested.

3       In his "Demand for Relief," Beadles asks the Court to "strike down NRS

4  293.269935(2) and 293.3606(4) to allow public inspection of ballots." *Compl.* at p. 16. He

5  asks that the Court prohibit Defendants from "using any voting and tabulation machines

6  for elections," which the law allows them to do. *Id.* He asks that the Court require

7  Defendants to use paper ballots, "[e]njoin the Defendants and make the digitized vote tally

8  database (Microsoft SQL) open for public inspection," require Defendants disclose

9  applicant name and credentials, prohibit Defendants from using QR codes, "halt"

10  Defendants' expenditure of "unapproved and unsafe equipment and software." *Id.* He also

11  requests that the Court require Defendants "take into account and redress all elections

12  issues that Plaintiff puts on the table, no shying away." *Id.* at p. 15.

13       Beadles improperly attempts to use this Court as a vehicle to direct Washoe

14  County's elections policies. The majority of the relief he seeks is not relief available for the

15  claims he alleges, assuming arguendo that he stated a claim on which any relief could be

16  granted.  He makes no allegation nor claim to support the relief requested above. From this

17  alone, the Court may infer his improper purpose in filing the Complaint. *See Paciulan*, 38 F.

18  Supp.2d 1128.

19       ii.   **Claims Against the Office of the Registrar of Voters are Unviable.**

20       A department of a county is not a suable entity because it is not political subdivision

21  of the State of Nevada.  *Wayment v. Holmes*, 112 Nev. 232, 237–38, 912 P.2d 816, 819; *see*

22  *also Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev.

23  1998)(dismissing suit against a county sheriff's department for lack of capacity to be sued).

24  A county department is "immune from suit" because it is not a suable entity.  *Wayment*, 112

25  Nev. at 239, 912 P.2d at 820.

26  //

-14-

Beadles's claims against the Registrar of Voters are not warranted by law. The Registrar of Voters is a department of Washoe County, and not a suable entity. This issue is straightforward, and Beadles was notified of the same as early as August 8, 2023. Ex. 1 at ¶2. Yet, Beadles continues to pursue a claims against the Office of the Registrar of Voters. Beadles violated Rule 11 by filing claims against the Registrar of Voters.

### iii.    Beadles Relies on Inapplicable Law to Pursue Criminal Liability.

Beadles's Fourth Cause of Action, citing NRS 283.440 and NRS 266.430, demands Ms. Rodriguez's removal from her appointed position as Registrar of Voters, Manager Brown's removal from his appointed position as Washoe County Manager, and Commissioner Hill's removal from her elected position as Chair of the Washoe County Board of County Commissioners.

NRS 266.430 is a criminal statute that provides for the removal of the mayor or any municipal officer of an incorporated city or town who is adjudged guilty of nonfeasance, misfeasance or malfeasance by any court of competent jurisdiction.  Setting aside that a member of the public cannot pursue criminal liability, Beadles relies on clearly inapplicable law. Defendants are employed by Washoe County, not an incorporated city or town, and this is a civil action.  As such, NRS 266.430 is inapplicable as a matter of law.

Relief sought under NRS 266.430 is not warranted by law, and further evidences Beadles's improper purpose in bringing the present action.

### iv.    Beadles's Claim Regarding Elections Petitions are Baseless.

Beadles alleges that by not acknowledging and responding to the three documents he and others submitted to Defendants complaining about election processes and contesting the 2022 election, Defendants "deprived Plaintiff to have his grievances heard as enshrined in Nev. Const. Art. 1 § 10." *Compl.* at p. 11–12.  Article 1 Section 10 of the Nevada Constitution, titled "Right to assemble and to petition," provides: "The people shall have the right freely to assemble together to consult for the common good, to instruct

their representatives and to petition the Legislature for redress of Grievances."  Beadles's allegations, specifically that the Washoe County Manager, Chair of the Washoe County Board of County Commissioners, and the Washoe County Registrar of Voters did not respond to his complaints, does not give rise to a claim under Article 1 Section 10 of the Nevada Constitution.  Construing the Complaint broadly, there are no facts alleged that, if true, demonstrate that Defendants impeded Beadles's right to assemble, to instruct his representatives, or to petition the Legislature.  The Complaint fails to state a claim for a violation of Article 1 Section 10 of the Nevada Constitution.

Next, Beadles alleges Defendants violated his rights under Article 2 Section 1A(11) of the Nevada Constitution because he has a "constitutional right to pose grievances and have them resolved "fairly, accurately and efficiently," but Defendants ignored his complaints.  *Compl.* at p. 11–12.  Article 2 Section 1A(11) provides that each registered voter in the State of Nevada has the right "to have complaints about elections and election contests resolved fairly, accurately and efficiently as provided by law."  This provision of the Nevada Constitution is codified in NRS 293.2546(11), the Nevada Voters' Bill of Rights.

The Nevada Secretary of State is the Chief Officer for Elections in the State.  NRS 293.124.  As Chief Officer for Elections, the Secretary of State is responsible for the execution and enforcement of all provisions of NRS Title 24 and all other provisions of State and Federal law relating to elections in this State.  *Id.*  Consistent with this framework, NAC 293.025 provides, "A person who wishes to file a complaint concerning an alleged violation of any provision of title 24 of NRS must: 1. Submit the complaint in writing to the Secretary of State; and 2. Sign the complaint."  In addition to submitting complaints to the Secretary of State concerning any alleged violation of NRS Title 24 (NRS Chapters 293–306), any registered voter may contest the election of a candidate by filing a Statement of Contest with the clerk of the district court.  NRS 293.407.

//

Nothing in Nevada law required Defendants to respond to documents that, by law, were required to be submitted to the Nevada Secretary of State or the district court.   As such, these claims are not warranted by law and Beadles should be sanctioned for pursuing the same.

**v.   The Removal Action Lacks Basis in Law.**

Removal "is an extreme and extraordinary measure, intended only for extreme and extraordinary occasions." *Jones v. Eighth Jud. Dist. Ct. of State*, 67 Nev. 404, 418, 219 P.2d 1055, 1062 (1950). A public officer "who refuses or neglects to perform any official act in the manner and form prescribed by law, or who is guilty of any malpractice or malfeasance in office, may be removed therefrom…" NRS 283.440(1). The officer must have substantially failed to perform their legal duties or intentionally committed a wrongful act directly related to their duties. *Id.*; *Jones,* 67 Nev. at 408, 219 P.2d at 1057; *Schumacher v. State ex rel. Furlong*, 78 Nev. 167, 172, 370 P.2d 209, 211 (1962). Where there is no official duty to act prescribed by law, there can be no removal. *See* NRS 283.440(2); *Schumacher*, 78 Nev. at 172, 370 P.2d at 211(citations omitted).

Beadles states generally, "Defendants… failed to fulfill the duties of their respective offices as alleged herein." *Compl*. at ¶91. Beadles identifies no specific duty for which Defendants individually committed malpractice nor neglect. Beadles alleges that, "By failing to address the Petitions, Defendants have each violated their oath to office, Nevada Revised Statutes and Administrative Codes, and violated the Plaintiff's constitutional rights." *Compl*. at ¶46. As set forth above, there is no specific duty requiring Defendants to respond or address any of Beadles's "petitions." NRS 293.2546(11); NAC 293.025.

Beadles also states, "Defendants have additionally failed to address, correct, or rectify the issues raised in the underlying Petitions, including but not limited to, (1) updating and resolving the voter registration lists; (2) providing proper vote counting mechanisms; (3) counting votes in secret; (4) inadequate signature verification; (5) illegal

function within the election system; (6) violations of election procedures as required under Nevada law. [Exhibit 109]." *Compl*. at ¶91; *see also Compl*. at ¶¶46–51.

The removal claim is not warranted by law. Beadles does not identify a specific legal duty for each of Commissioner Hill, Manager Brown, and Ms. Rodriguez. Beadles erroneously takes the position that his disagreement with Washoe County's election procedures warrants removal of public employees. This claim is presented without a legal basis and sanctions are warranted.

### vi. Punitive Damages are Unavailable for State Law Claims.

Nevada law prohibits awards of punitive damages against government entities and employees. NRS 41.035(1). "An award may not include any amount as exemplary or punitive damages." *Id.*

In the present case, Beadles alleges he is entitled to punitive damages in his state law tort claims. As a matter of law, he is not. Beadles's pursuit of punitive damages in state law claims is unwarranted by law.

### vii. Beadles's Relief Requests Demonstrate Frivolity.

The Court "cannot recognize a remedy absent an underlying cause of action." *Badillo v. American Brands, Inc.*, 117 Nev. 34, 41, 16 P.3d 435, 440 (2001).

The Complaint requests unavailable relief, including invalidating provisions of the NRS, requiring Defendants use paper ballots, "[e]njoin the Defendants and make the digitized vote tally database (Microsoft SQL) open for public inspection," require Defendants disclose applicant name and credentials, prohibit Defendants from using QR codes, "halt" Defendants' expenditure of "unapproved and unsafe equipment and software." The relief request is detached from any causes of action.

Beadles's relief request is frivolous, and suggests that the Complaint was filed for an improper purpose rather than to resolve legitimate legal claims.

//

### E.   BEADLES DISREGARDED DEFENDANTS' RULE 11 NOTICES.

Beadles was notified of his Rule 11 violations as early as August 8, 2023, in a Rule 11 letter and proposed motion for sanctions served in his first case. Ex. 1 at ¶2. Though he withdrew his federal action, he continues to pursue two identical claims in this action, the same allegations, and the same named Defendants. He was again notified of his Rule 11 violations and declined to rectify the same. Ex. 1 at ¶3.

His failure to address even the most obvious Rule 11 violations further demonstrates his improper purposes in pursuing this case. Beadles has no interest in adhering to the law or the rules of this Court. Instead, Beadles merely seeks to use the judicial system to harass Defendants and legitimize his unfounded theories.

### F.   SANCTIONS ARE APPROPRIATE, INCLUDING DISMISSAL, A MONETARY SANCTION, AND ATTORNEYS' FEES.

The Court may impose sanctions for violations of Rule 11.   NRCP 11(c). Appropriate sanctions may include "reasonable expenses, including attorneys fees, incurred for presenting" the motion for sanctions. NRCP 11(c)(2). Nevada law further provides for attorney's fees with regard to claims "brought or maintained without reasonable ground or to harass the prevailing party," stating:

> It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

NRS 18.010(2)(b).

A sanction "must be limited to what suffices to deter repetition of this conduct or comparable conduct by others similarly situated." NRCP 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of

part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

The severity of the sanctions should take into account whether a filing is only frivolous or both frivolous and made for an improper purpose. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (1990). Where, as here, a complaint has no legal basis, an improper purpose may be inferred. *Agbabiaka v. HSBC Bank USA Nat. Ass'n*, Case No. 09-05583 JSW, 2010 WL 1609974, at *8) (N.D. Cal. Apr. 20, 2010)(quoting *Paciulan v. George*, 38 F.Supp.2d 1128, 1144 (N.D. Cal. 1999). The Ninth Circuit noted that "evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend*, 929 F.2d at 1362.

Nonmonetary sanctions may also be appropriate. NRCP 11(c)(4). When appropriate, a Court may dismiss an entire offending Complaint. *See Rhinehart v. Stouffer*, 638 F.2d 1169, 1170–71(9th Cir. 1979).

Reviewing NRCP 11's federal counterpart, the Ninth Circuit held that Rule 11(b) "explicitly applies to parties not represented by attorneys." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Thus, a court cannot decline to impose sanctions "where a violation has arguably occurred, simply because plaintiff is proceeding pro se." *Id*.

Beadles violated Rule 11 in signing a pleading containing claims not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, for forum shopping, and for filing a complaint for improper purposes. Sanctions are appropriate, including a monetary sanction paid to the court, an award of Defendants' attorneys' fees and costs, and dismissal of this action.

//

//

//

//

### III.   CONCLUSION

Beadles should be sanctioned for his chicanery, which amounts to a misuse of the judicial system in this case. The purpose of Rule 11 is to punish and deter this behavior. A court of law is an inappropriate tool to pursue harassment and relitigate debunked elections-related claims. Beadles's Complaint is disconnected from the law and from reality. The Complaint and its frivolous and unfounded claims should be dismissed, Beadles should be sanctioned, and Defendants should likewise be awarded attorneys' fees related to pursuing the instant Motion.

<u>AFFIRMATION PURSUANT TO NRS 239B.030</u>

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this 11th day of September 2023.


By    /s/ Lindsay L. Liddell
LINDSAY L. LIDDELL
Deputy District Attorney
One South Sierra Street
Reno, NV  89501
lliddell@da.washoecounty.gov
(775) 337-5700

ATTORNEY FOR DEFENDANTS

### <u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action.  I certify that on this date, the foregoing was electronically filed with the United States District Court.  Electronic service of the foregoing document shall be made in accordance with the Master Service List as follows:

ROBERT BEADLES

Dated this 11th day September, 2023.

_____/s/ S. Haldeman_____
S. Haldeman

1

## INDEX OF EXHIBITS

2   Exhibit 1   Declaration of Suzi Haldeman ...............................................1 page

3   Exhibit 2   Rule 11 Letter ...................................................................... 2 pages

4   Exhibit 3   Beadles's Post entitled "I Just Sued Them All For You!" ................... 4 pages

5   Exhibit 4   Beadles's Post entitled "We SUED for YOU!"................................... 6 pages

6   Exhibit 5   Beadles's Post entitled "Comrade Hill-Insky" ..................................... 9 pages

7   Exhibit 6   Beadles's Post entitled "Over the Hill"................................................. 4 pages

8   Exhibit 7   Beadles's Post entitled "Lawsuit(S) UPDATE!"................................. 5 pages

9   Exhibit 8   Declaration of Jamie Rogriguez ...........................................1 page

Exhibit 9   Statement of Contest of the June 14, 2022, Primary Election Pursuant to NRS § 293.407, filed in the First Jud. Dist. Ct. of the State of Nevada in and for Carson City, case no. 22 OC 000851B....................................................194 pages

Exhibit 10  Order Granting Defendant Joseph Lombardo's Motion for Summary Judgment filed in the First Jud. Dist. Ct. of the State of Nevada in and for Carson City, case no. 22 OC 000851B........ 6 pages

Exhibit 11  Order Granting Defendant Joseph Lombardo's Motion for Sanctions filed in the First Jud. Dist. Ct. of the State of Nevada in and for Carson City, case no. 22 OC 000851B ................................ 5 pages

-23-