AARON D. FORD
  Attorney General
JESSICA E. WHELAN (Bar No. 14781)
  Senior Deputy Attorney General
KIEL B. IRELAND (Bar No. 15368)
  Deputy Solicitor General
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
T: (775) 684-1100
E:  jwhelan@ag.nv.gov
    kireland@ag.nv.gov

*Attorneys for Governor Lombardo*

AARON D. FORD
  Attorney General
LAENA ST-JULES (Bar No. 15156)
  Senior Deputy Attorney General
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
T: (775) 684-1100
E:  lstjules@ag.nv.gov

*Attorneys for Secretary Aguilar*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN VANNESS, an individual, ALEXANDREA SLACK, an individual, MARTIN WALDMAN, an individual, ROBERT BEADLES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State, JOSEPH M. LOMBARDO, in his official capacity as Governor of the State of Nevada, DOES I-X, inclusive; ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-01009-CDS-VCF<br><br>**DEFENDANTS GOVERNOR LOMBARDO AND SECRETARY AGUILAR'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants[1] Joseph M. Lombardo, in his official capacity as Governor of the State of Nevada, and Francisco V. Aguilar, in his official capacity as Nevada Secretary of State,

---

[1] Defined terms have the same meanings as set forth in Defendants' Motion to Dismiss, ECF No. 23.

Page **1** of **8**

reply to Plaintiffs Susan Vanness, Alexandrea Slack, Martin Waldman, and Robert Beadles' Response to Defendants' Motion to Dismiss, ECF No. 26 ("Response").

## I. INTRODUCTION

Plaintiffs' Response confirms their inability to establish standing. The Court provided a clear roadmap in the Order dismissing the FAC that Plaintiffs would have to allege an intent to engage in a course of conduct that would violate SB 406 to survive dismissal. Order, ECF No. 21 at 7. But Plaintiffs did not allege any such intent in the SAC or in the Response. Plaintiffs also did not allege a specific threat of enforcement of SB 406, or any prior enforcement history. And Plaintiffs fail to overcome the Eleventh Amendment's bar.

Even if Plaintiffs somehow had standing and could sue Defendants in this Court, their claims would still fail on the merits. Plaintiffs fixate on the term "interfere." There is nothing ambiguous about "interfere," and Plaintiffs fail to grapple with the fact that an intent to interfere violates SB 406 *only if* the interferer "use[s] or threaten[s] or attempt[s] to use any force, intimidation, coercion, violence, restraint or undue influence." That makes SB 406 a clear, narrowly circumscribed law that criminalizes only unprotected expressive activity. This Court should dismiss the SAC.

## II. ARGUMENT

### A. Plaintiffs Have Not Established Standing

In this pre-enforcement action, Plaintiffs were required to "allege a concrete intent to violate the challenged law" to "establish a credible threat of enforcement," even if they were to self-censor and not pursue that course of conduct. *See Lopez v. Candaele*, 630 F.3d 775, 787, 791 (9th Cir. 2010).[2] Yet, Plaintiffs continue to fail to identify any intended conduct, covered by SB 406, that they would have engaged in but for SB 406. Plaintiffs' failure to "provide adequate details about their intended speech" means there can be no "finding of the 'actual or imminent' injury" necessary for standing. *Id.* at 787–88; *see also*

---

[2] Plaintiffs cite a number of Sixth Circuit cases to purport to identify the requirements for a "potential of enforcement." ECF No. 26 at 6-7. Ninth Circuit precedent establishes that a concrete intent to violate the challenged law is a mandatory element for a credible threat of prosecution.

1 *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003) ("[A] fear of prosecution will only inure if the plaintiff's intended speech arguably falls within the statute's reach."). This failure is dispositive here.

Even if it were not, however, Plaintiffs still fail to establish a credible threat of prosecution based on any specific threat to initiate proceedings or a history of past prosecution. *See Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1210 (9th Cir. 2022). Plaintiffs rely on a single tweet by Attorney General Ford concerning voter intimidation, not SB 406, which concerns interactions with elections officials. ECF No. 26 at 9-11. Plaintiffs argue that, even though the tweet predated SB 406, it somehow constitutes a threat relating to all poll watching activities. *Id.* at 10-11. Even crediting this as true, it only further establishes that the tweet was a general threat by an official to enforce laws, which is insufficient to establish the necessary injury-in-fact for standing. *See Lopez*, 630 F.3d at 787; *see also Rincon Band of Mission Indians v. San Diego County*, 495 F.2d 1, 4 (9th Cir. 1974) (finding written statement that "State law, as well as the County ordinance, is quite specific relative to gambling, and all of the laws of San Diego, State, Federal and County, will be enforced within our jurisdiction" was a general threat). The tweet is entirely unlike the specific, targeted threat in the case that Plaintiffs rely on. *See Culinary Workers Union v. Del Papa*, 200 F.3d 614, 616 (9th Cir. 1999) (letter sent to plaintiff union concerning union's specific activities).

Plaintiffs also claim that they do not need to be the target of government enforcement to establish a credible threat, but they ignore that they would still need to show a history of past enforcement. ECF No. 26 at 10 (quoting *Lopez*, 630 F.3d at 791). Plaintiffs have not alleged any past enforcement of laws relating to poll watching activities (let alone SB 406), even following the tweet that they rely on so heavily to suggest that prosecution for innocent activities is likely.

Plaintiffs also claim that any person can "file a complaint" relating to SB 406. *See* ECF No. 26 at 11. Presumably, Plaintiffs mean that any person can complain to a state official about an election observer's actions and allege a violation of SB 406, but that does

not remotely suggest a government official empowered to prosecute illegal actions would bring an enforcement action under SB 406 based on that complaint. Similarly irrelevant is Plaintiffs' argument about entrapment. *Id.* at 12. Whatever defenses a criminal defendant may raise in a criminal action does not lessen the requirement that a pre-enforcement plaintiff must allege a credible threat of prosecution to establish standing.

Plaintiffs also fail to trace their alleged injury to Defendants. *See* ECF 23 at 8. Not only do they not allege any threat or history of prosecution by Defendants, but they also fail to allege Defendants can prosecute individuals under SB 406. On the facts alleged, Plaintiffs have failed to establish standing.

## B.   The Eleventh Amendment Bars Plaintiffs' Claims

Plaintiffs contend that they can overcome Defendants' Eleventh Amendment immunity using the *Ex parte Young* exception. ECF No. 26 at 12-14. But as Defendants explained, that exception only applies if the named state officer has "some connection with the enforcement of the act." ECF No. 23 at 9 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

Plaintiffs' attempts to connect Defendants to SB 406's enforcement fail. Their argument that Governor Lombardo is connected by his duty to "see that the laws are faithfully executed," ECF No. 26 at 13, is exactly the argument that the Ninth Circuit rejected in *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013). And the pardon powers they cite, ECF No. 26 at 13, are equally general and are related to backend clemency, not frontend enforcement.

As for Secretary Aguilar, Plaintiffs point only to a Nevada statute that provides that he is "responsible for the execution and enforcement of the provisions of title 24 of NRS and all other provisions of state and federal law relating to election in this State." ECF No. 26 at 13 (quoting NRS 293.124). That is again a "general duty to enforce [the] law" and not the "fairly direct" connection to the law at issue. *Eleveurs*, 729 F.3d at 943. The operative complaint lacks any allegation that Secretary Aguilar—as opposed to a law-enforcement agency—would actually enforce a criminal law like SB 406. There is no allegation that

1 Plaintiffs have received a warning letter from Secretary Aguilar or that Secretary Aguilar
2 has enforced SB 406 (or any other criminal law) against someone else.

3 Plaintiffs' Nevada Constitution claim is also barred by the Eleventh Amendment
4 because "*Ex parte Young* allows prospective relief against state officers only to vindicate
5 rights under federal law," not state law. *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir.
6 2005). 42 U.S.C. § 1983 does not save their claims; § 1983 enforces only federal rights and
7 cannot be the basis for a state constitution claim. *Iratcabal v. Nevada*, No. 3:12-cv-481,
8 2013 WL 5408864, at *4 (D. Nev. Sept. 25, 2013); *see Ybarra v. Bastian*, 647 F.2d 891, 892
9 (9th Cir. 1981).

   **C.**  **Plaintiffs' Claims Also Fail on the Merits**

    **1.**  **SB 406 Is Not Overbroad**

To sustain an overbreadth claim, it is the plaintiff's burden to show that the challenged law "prohibits a substantial amount of protected speech" relative to its "plainly legitimate sweep." *United States v. Hansen*, 143 S. Ct. 1932, 1939 (2023). While Plaintiffs complain that "Defendants assume the flawed position delineated in [*Hansen*]," ECF No. 26 at 14, *Hansen* is binding Supreme Court precedent, whether Defendants agree with it or not.

Plaintiffs have not met their burden. "Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message." *United States v. Gregg*, 226 F.3d 253, 267-68 (3d Cir. 2000). That is all SB 406 bars.

Plaintiffs' primary response is that SB 406 is overbroad because it uses the term "interfere." ECF No. 26 at 15. But Plaintiffs ignore half the statute—it makes it unlawful "for any person to use or threaten or attempt to use any force, intimidation, coercion, violence, restraint or undue influence with the intent" to "interfere" (in addition to other proscribed intents). SB 406(1)(1). An intent to interfere alone is not prohibited. Nothing in SB 406 precludes an observer from confronting an elections official, as long as the observer does not threaten or use force, intimidation, etc.

Plaintiffs offer no examples of protected speech that would be caught up in SB 406's plainly legitimate sweep. For instance, Plaintiffs vaguely allude to supposedly "constitutionally lawful and necessary act[s]" election observers would need to take without explaining how they would be prohibited by SB 406. ECF No. 26 at 16. And Plaintiffs' sole hypothetical is divorced from SB 406's text. ECF No. 26 at 15. Even assuming a jury would consider a supervisor's "attempt to ensure corrective measures," *id.*, as interference, it would not be unlawful under the statute unless the prosecutor proved beyond a reasonable doubt that the supervisor used or threatened or attempted to use force, intimidation, coercion, violence, restraint or undue influence. Moreover, if, for example, the supervisor threatened violence in his attempt to ensure corrective measures, then his words were not protected speech. *Counterman v. Colorado*, 143 S. Ct. 2106, 2111 (2023).

Plaintiffs' other objections do not make the statute overbroad. They cite no authority for the proposition that a failure to expressly designate a "victim" makes a criminal statute unconstitutional. ECF No. 26 at 2, 15-16. In any event, the victim is clear from the statutory text: the elections official (as that term is statutorily defined) subject to the threatening conduct. Nor do they provide any support for the position that a statute would need to provide immunity or an affirmative defense to not be overbroad. *Id.* at 3, 15-16.

### 2. SB 406 Is Not Vague

Plaintiffs challenge two terms in SB 406 as purportedly vague: "intimidation" and "interfere." ECF No. 26 at 18-20. The Ninth Circuit has held that neither term is vague. *United States v. Gilbert*, 813 F.2d 1523, 1530 (9th Cir. 1987) (holding that "intimidate" in criminal statute was not unconstitutionally vague); *United States v. Gwyther*, 431 F.2d 1142, 1144 (9th Cir. 1970) ("'[I]nterfere' has such a clear, specific and well-known meaning as not to require more than use of the word[ itself] in a criminal statute."). That conclusion is binding here.

Even if there were not binding caselaw foreclosing Plaintiffs' argument, the terms' ordinary meanings would save them from any vagueness challenge. *United States v. Reliant Energy Servs., Inc.*, 420 F. Supp. 2d 1043, 1053 (N.D. Cal. 2006). Courts regularly

interpret undefined terms by looking to dictionary definitions to find their ordinary meaning. *See id.* at 1053. "Intimidation" and "interfere" have straightforward dictionary definitions that are understandable by Nevadans of ordinary intelligence. *See, e.g.*, *Intimidation*, dictionary.com, https://tinyurl.com/y9d74uxb ("[T]he act or process of attempting to force or deter an action by inducing fear."); *Interference, Black's Law Dictionary* (11th ed. 2019) ("The act or process of obstructing normal operations or intervening or meddling in the affairs of others.").

Plaintiffs concede that SB 406 creates a specific-intent offense. ECF No. 26 at 16. That provides yet more support for the statute's constitutionality. *See United States v. Makowski*, 120 F.3d 1078, 1081 (9th Cir. 1997).

Plaintiffs also appear to argue that real-life enforcement of SB 406, if it ever occurs, may present difficult fact questions. ECF No. 26 at 16, 21. But the "mere fact that close cases can be envisioned" does not make a statute vague. *Williams*, 553 U.S. at 305-06. Criminal defendants are protected from prosecutions based on marginal facts "by the requirement of proof beyond a reasonable doubt," not vagueness doctrine. *Id.* at 306.

### 3. Plaintiffs' Substantive Due Process Claim Is Meritless

Plaintiffs cannot rehabilitate their supposed substantive due process claim. The SAC contains only labels and conclusions, and in any event should have been asserted under the First Amendment standard, not as a substantive due process claim. ECF No. 23 at 15-16.

Even if Plaintiffs had properly included non-conclusory allegations and based their claim on the First Amendment, Plaintiffs' claim would still fail because SB 406 does not regulate protected speech. *United States v. Grider*, 617 F. Supp.3d 42, 52 (D.C. Cir. 2022) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message." (quoting *Gregg*, 226 F.3d at 267–68). And as Defendants explained, and Plaintiffs failed to even address, SB 406 easily passes rational-basis review. ECF No. 23 at 16.

///

V.  **CONCLUSION**

For the foregoing reasons, the Court should dismiss the SAC without leave to amend.

DATED this 27th day of December 2023.

        AARON D. FORD
        Attorney General

        By: */s/Kiel B. Ireland*
           JESSICA E. WHELAN (Bar No. 14781)
            Senior Deputy Attorney General
           KIEL B. IRELAND (Bar No. 15368)
            Deputy Solicitor General
           Office of the Attorney General
           100 North Carson Street
           Carson City, Nevada 89701-4717
           T: (775) 684-1100
           E: kireland@ag.nv.gov

        *Attorneys for Governor Lombardo*

        AARON D. FORD
        Attorney General

        By: */s/Laena St-Jules*
           LAENA ST-JULES (Bar No. 15156)
            Senior Deputy Attorney General
           Office of the Attorney General
           100 North Carson Street
           Carson City, Nevada 89701-4717
           T: (775) 684-1100
           E: lstjules@ag.nv.gov

        *Attorneys for Secretary Aguilar*