**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN VANNESS; ALEXANDREA SLACK; MARTIN WALDMAN; ROBERT BEADLES, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FRANCISCO V. AGUILAR, in his official capacity as Nevada Secretary of State; JOSEPH LOMBARDO, in his official capacity as Governor of the State of Nevada, <br><br> Defendants - Appellees. | No. 24-2910 <br><br> D.C. No. 2:23-cv-01009-CDS-MDC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted March 7, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Plaintiffs, all former poll observers, ballot runners, or ballot-counting observers in Nevada, challenge Nevada's Election Worker Protection Act ("SB

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

406") as overbroad and vague in violation of the First and Fourteenth Amendments to the United States Constitution and Article I of the Nevada Constitution. The district court dismissed plaintiffs' claims for lack of Article III standing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's dismissal for lack of standing de novo. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1209 (9th Cir. 2022). We presume all facts alleged in the complaint are true and construe the pleadings "in the light most favorable to the nonmoving party," *id.* (quotation omitted), and we may affirm on any ground supported by the record, *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021).

To have standing, plaintiffs must allege an "injury in fact" that is "fairly traceable" to the defendant's conduct and would be redressable by a favorable decision from the court. *Unified Data Servs.*, 39 F.4th at 1209–10 (quotation omitted). To establish an injury in fact in a pre-enforcement, facial challenge, plaintiffs must allege (1) that they intend "to engage in a course of conduct arguably affected with a constitutional interest," (2) that their proposed conduct is "proscribed by a statute," and (3) that "there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160 (2014) (quotation omitted). Ultimately, plaintiffs "must have 'an actual and well-founded fear that the law will be enforced against [them],'" which, "[i]n the free speech context . . . will only inure

if the plaintiff's intended speech arguably falls within the statute's reach." *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003) (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988)).

Plaintiffs allege that they will not participate in their regular election observation activities during the 2024 elections cycle because they fear prosecution under SB 406. According to their complaint, these activities include "poll watching/observing" and "election watching/observing" as authorized by Nevada Revised Statutes section 293.274. Plaintiffs also allege that, but for SB 406, they would not only observe elections, but "voic[e] dissent to actions they observe" with "the intent to have that wrongful conduct corrected." Plaintiffs worry that their dissent will be interpreted as an "attempt to use . . . intimidation with the intent to . . . [i]nterfere with the performance of the duties of any elections official," in violation of SB 406. Nev. Rev. Stat. § 293.705(1)(a).

SB 406 does not proscribe election observation activities authorized by Nevada law. Indeed, SB 406 expressly excludes election observation activities from its scope. Nev. Rev. Stat. § 293.705(5)(a)(1). Thus, plaintiffs fail to plausibly allege that poll observation is even arguably proscribed by SB 406.

Although SB 406 arguably proscribes plaintiffs' intent to correct elections officials, they cannot establish an injury in fact because they have not alleged a "credible threat of enforcement." To determine whether a credible threat of

3

enforcement exists, the court looks to three factors: (1) "whether the plaintiffs have articulated a concrete plan to violate the law in question," (2) "whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings," and (3) "the history of past prosecution or enforcement under the challenged statute." *Unified Data Servs.*, 39 F.4th at 1210 (quotation omitted).

Plaintiffs' complaint fails to allege a "concrete plan to violate the law in question." *Id.* at 1210. It does not "say when, to whom, where, or under what circumstances" they intend to "voice [their] dissent," beyond noting that they would lodge their complaints during the general period of the 2024 elections cycle with elections officials. *Lopez v. Candaele*, 630 F.3d 775, 791 (9th Cir. 2010) (quotation omitted). Plaintiffs' vague allegations amount to "some day intentions" to do something to an elections official that *might* be misinterpreted as intimidating. *Unified Data Servs.*, 39 F.4th at 1211 (quotation omitted). This is not a specific, concrete plan to engage in conduct arguably proscribed by SB 406.

Plaintiffs' fear of prosecution hinges on the Nevada Attorney General's 2020 tweet, which they allege is a specific threat of enforcement. But the Attorney General could not have threatened plaintiffs with enforcement of SB 406 in 2020 because SB 406 did not exist in 2020. Further, the tweet—at most—threatened to prosecute *voter* intimidation, not the intimidation of *elections officials*. Plaintiffs have not alleged any other facts to demonstrate that they face a "credible threat of enforcement" for

voicing their disagreement with elections officials. They therefore lack standing. *See Unified Data Servs.*, 39 F.4th at 1211.

Even assuming plaintiffs adequately allege an injury in fact, they have failed to establish that their injury is "fairly traceable" to the defendants' conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alterations omitted). "[T]he causation element of standing requires the named defendants to possess authority to enforce the complained-of provision." *Matsumoto v. Labrador*, 122 F.4th 787, 799 (9th Cir. 2024) (quoting *Bronson v. Swenson*, 500 F.3d 1099, 1110 (10th Cir. 2007)). Plaintiffs sue Nevada's Governor and Secretary of State, but they have not alleged that either defendant has the authority to enforce SB 406. Plaintiffs have thus failed to allege an "injury in fact" that is "fairly traceable" to the defendants' conduct and lack Article III standing.

**AFFIRMED.**